```
            IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF TEXAS
                      HOUSTON DIVISION
```

JAMES ARTHUR JACKSON,           §
TDCJ-CID NO. 756482,            §
                                §
            Petitioner,          §
                                §    CIVIL ACTION NO. H-10-2306
v.                              §
                                §
RICK THALER,                    §
                                §
            Respondent.         §

## MEMORANDUM OPINION AND ORDER

James Arthur Jackson, a Texas prisoner, filed a petition for a writ of habeas corpus (Docket Entry No. 1) under 28 U.S.C. § 2254 challenging a state court felony judgment out of Brazos County, Texas. The respondent has filed a Motion for Summary Judgment (Docket Entry No. 8) arguing that the petition is barred by the statute of limitations established by the Anti-Terrorism and Effective Death Penalty Act (AEDPA) as codified in 28 U.S.C. § 2244(d).

### I. Procedural History and Claims

Jackson was charged with aggravated sexual assault to which he entered a not guilty plea. A jury found him guilty and sentenced him to sixty years in TDCJ-CID. State v. Jackson, No. 1040361 (183rd Dist. Ct., Brazos County, Tex., June 21, 1996). (Petition, Docket Entry No. 1 at 2; Judgment and Sentence, Docket Entry No. 7

at 18) Jackson did not file a direct appeal. (See Petition, Docket Entry No. 1 at 3; State Writ of Habeas Corpus, Docket Entry No. 7 at 6.) However, he did file a post-conviction state application for a writ of habeas corpus on October 31, 2005. (Docket Entry No. 7-2 at 5) The Texas Court of Criminal Appeals denied the application on October 4, 2006. Ex parte Jackson, No. 65,792-01; Docket Entry No. 7-2 at 2. Jackson filed a second state habeas application on March 29, 2010. (Docket Entry No. 7 at 5) The Court of Criminal Appeals dismissed that application as successive on June 30, 2010. Ex parte Jackson, No. 65,792-02; Docket Entry No. 7 at 2.

The present petition (Docket Entry No. 1) was executed by Jackson on June 24, 2010, mailed from the prison in an envelope post-marked June 27, 2010, and filed by the Clerk on June 28, 2010.

Jackson presents the following grounds for relief:
1. There was insufficient evidence to support the conviction because there were witnesses who knew his whereabouts when the incident occurred.
2. Jackson's counsel was ineffective in failing to advise him of his right to appeal.
3. Jackson was denied the right to appeal.

(Docket Entry No. 1 at 7)

## II. Analysis: One-Year Statute of Limitations

Jackson's habeas petition is subject to the AEDPA provisions, which restrict the time in which a state conviction may be challenged, because the petition was filed after April 24, 1996,

the date the AEDPA was enacted. Flanagan v. Johnson, 154 F.3d 196, 198 (5th Cir. 1998). Under the AEDPA federal habeas petitions that challenge state court judgments are subject to a one-year limitations period as set forth by the following statutory language:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)(2).

Because Jackson was sentenced on June 21, 1996, and did not file a direct appeal, his conviction became final on Monday, July 22, 1996, the last day he could have filed a notice of appeal.

Tex. R. App. P. 41(b) (West 1996) (defendant must file his appeal within 30 days of the date the trial court enters its judgment); Tex. R. App. P. 5 (West) (if the last day of the period to give notice of appeal falls on a Saturday, Sunday or holiday, the period is extended to the next business day); Flores v. Quarterman, 467 F.3d 484, 485 (5th Cir. 2006) ("[A] state conviction becomes final when the time for seeking direct review expires regardless of when the state court issues its mandate."), citing Roberts v. Cockrell, 319 F.3d 690, 693 (5th Cir. 2003); see also McCloud v. Hooks, 560 F.3d 1223, 1227 (11th Cir. 2009). Under the provisions of 28 U.S.C. § 2244(d)(1)(A), Jackson had until July 22, 1997, to file his federal habeas petition. See Salinas v. Dretke, 354 F.3d 425, 428 (5th Cir. 2004).

Jackson filed his first state application for a writ of habeas corpus on October 31, 2005, more than eight years after the expiration of the AEDPA one-year limitations period. Because of the late filing, the state application does not toll the limitations period. Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000). Nor did the subsequent state application toll the limitations period. Id.

Jackson is incarcerated and is considered to have filed his federal petition for a writ of habeas corpus on the date that he would have surrendered it to prison officials for mailing. Spotville v. Cain, 149 F.3d 374, 378 (5th Cir. 1998). The court construes the petition to have been filed on June 24, 2010.

Sonnier v. Johnson, 161 F.3d 941, 945 (5th Cir. 1998). Under the provisions of section 2244(d)(1)(A), Jackson's petition is more than twelve years tardy since he needed to file his petition by 1997. There is no indication that Jackson was subject to any state action that impeded him from filing his petition. 28 U.S.C. § 2244(d)(1)(B). There is no showing of a newly recognized constitutional right upon which the habeas petition is based; nor is there a factual predicate of the claims that could not have been discovered before the challenged conviction became final. 28 U.S.C. § 2244(d)(1)(C), (D). Finally, Jackson does not present any rare and exceptional circumstances that would warrant equitable tolling of the federal limitations period. Turner v. Johnson, 177 F.3d 390, 391-92 (5th Cir. 1999). Therefore, the federal petition for a writ of habeas corpus is subject to dismissal because it is untimely.

### III.  Petitioner's Motions

Jackson has filed two Applications to Proceed In Forma Pauperis. Although neither application is complete, together they present sufficient information to demonstrate Jackson's indigency. Therefore, the applications (Docket Entry Nos. 6 and 9) will be granted. See Haines v. Kerner, 92 S.Ct. 594, 596 (1972).

### IV.  Certificate of Appealability

Under 28 U.S.C. § 2253, Jackson needs to obtain a Certificate of Appealability before he can appeal this Memorandum Opinion and

Order dismissing his petition. To obtain a Certificate of Appealability, Jackson must make a substantial showing of the denial of a constitutional right. Williams v. Puckett, 283 F.3d 272, 276 (5th Cir. 2002). To make such a showing, Jackson must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues in a different manner; or that the questions are adequate to deserve encouragement to proceed further. Lucas v. Johnson, 132 F.3d 1069, 1073 (5th Cir. 1998). For the reasons stated in this Memorandum Opinion and Order, Jackson has not made a substantial showing of the denial of a constitutional right. Newby v. Johnson, 81 F.3d 567, 569 (5th Cir. 1996). The court will deny the issuance of a Certificate of Appealability in this action.

## V. Conclusion and Order

The court **ORDERS** the following:

1. Respondent's Motion for Summary Judgment (Docket Entry No. 8) is **GRANTED**.

2. This Petition for a Writ of Habeas Corpus by a Person in State Custody (Docket Entry No. 1) is **DISMISSED with prejudice**.

3. A Certificate of Appealability is **DENIED**.

4. The Applications to Proceed In Forma Pauperis (Docket Entry Nos. 6 and 9) are **GRANTED**.

**SIGNED** at Houston, Texas, on this 3rd day of December, 2010.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE